UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE NARVAEZ, on behalf
of himself and others similarly situated,

      Plaintiff,

v.                                     Case No.  8:15-cv-19-T-24 TBM

SPECIALIZED LOAN SERVICING, LLC
d/b/a SLS,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 8).

Plaintiff opposes the motion.  (Doc. No. 11).  As explained below, the motion is denied.

## I.  Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959,

962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon

which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim

showing that the pleader is entitled to relief in order to give the defendant fair notice of what the

claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct.

1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

at 1965 (citation omitted).  While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right

to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff alleges the following in his complaint (Doc. No. 1): Defendant attempted to collect a debt from Plaintiff related to a defaulted mortgage loan.  (¶ 18).  On January 7, 2014, Defendant sent Plaintiff a form debt collection letter (the "Letter") in an attempt to collect the debt; this was Defendant's initial communication with Plaintiff in connection with the collection of the debt.  (¶ 20, 23).  Plaintiff attached a copy of the Letter to the complaint.  (Doc. No. 1-2).

In the Letter, Defendant states the following: "Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid."  (Doc. No. 1-2).  Plaintiff alleges that this statement is misleading, because it conveys that the debt will be assumed to be valid by all.  Therefore, Plaintiff alleges that Defendant's Letter violated the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").  (¶ 24).

As a result, Plaintiff asserts four claims: First, Plaintiff seeks declaratory and injunctive relief under Florida Statute § 559.77(2) of the FCCPA. Second, Plaintiff asserts a claim for violating § 559.72(9) of the FCCPA.  Third, Plaintiff asserts a claim for violating 15 U.S.C. § 1692g(a) of the FDCPA.  Fourth, Plaintiff asserts a claim for violating 15 U.S.C. § 1692e of the FDCPA.  In response, Defendant filed the instant motion to dismiss.

2

### III.  Motion to Dismiss

Defendant moves to dismiss all four claims asserted against it.  Central to its motion is Defendant's argument that its initial communication with Plaintiff was really a letter dated June 23, 2013 and that the 2013 letter complies with the FDCPA and FCCPA.  Defendant attaches the June 23, 2013 letter to its motion for the Court's review.  However, the Court cannot review any evidence submitted with a motion to dismiss that is not attached to or specifically referenced in the complaint, and the June 23, 2013 letter is neither attached to the complaint nor specifically referenced therein.

Instead, Defendant is attacking the veracity of Plaintiff's allegations (i.e., what Defendant's initial communications consisted of and whether those non-alleged communications violated the FDCPA and FCCPA).  A motion to dismiss is not the proper vehicle for such an attack.  If Defendant wishes to pursue such a theory, it should do so in a motion for summary judgment, so the Court can consider all evidence put before it.  Accordingly, the Court considers Defendant's motion to dismiss only with respect to Plaintiff's allegations in his complaint and the January 7, 2014 Letter attached thereto.

### A.  Count Three: Violation of § 1692g(a) of the FDCPA

In Count Three, Plaintiff asserts a claim for violating 15 U.S.C. § 1692g(a) of the FDCPA.  Section 1692g(a) provides that in the initial communication or within five days after the initial communication, the debt collector shall send the consumer a written notice that contains certain information, including "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

3

Plaintiff contends that the following language in the Letter violates § 1692g(a): "Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid."  (Doc. No. 1-2).  Plaintiff contends that this language violates § 1692g(a), because it does not state that the only entity entitled to such an assumption is the debt collector.  Defendant disputes that this language violates the FDCPA and moves to dismiss this claim.

"The absence of one or more of the statutory requirements [set forth in § 1692g(a) within a communication from a debt collector] . . . is actionable as a violation of 15 U.S.C. § 1692e . . . if the variance is one that would tend to mislead the least sophisticated consumer."  Caceres v. McCalla Raymer, LLC, 755 F.3d 1299, 1303 (11th Cir. 2014)(citation omitted).  The least sophisticated consumer standard has been described as follows:

> The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

Id. (quoting LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010)).  As such, if a communication is open to more than one reasonable interpretation, at least one of which is inaccurate, then the communication would be considered deceptive under the least sophisticated consumer standard.  LeBlanc, 601 F.3d at 1195 n.18.  Under this framework, the Court analyzes Plaintiff's allegations in Count Three.

Plaintiff argues that the Letter violates the FDCPA because it does not state that if Plaintiff does not dispute the debt within thirty days, the only entity entitled to assume the debt is

valid is the debt collector.  There is case law supporting Plaintiff's argument that such an omission sufficiently states a claim.[1]  See Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A., 2011 WL 4499100, at *3 (S.D. Fla. Sept. 27, 2011); Guerrero v. Absolute Collection Service, Inc., 2011 WL 8183860, at *4 (N.D. Ga. Oct. 6, 2011); Orr v. Westport Recovery Corp., 941 F. Supp.2d 1377, 1382 (N.D. Ga. 2013).

In Orr, the plaintiff challenged a letter that stated that if he failed to dispute the debt within thirty days, "the debt will be assumed to be valid."  Id. at 1378.  The plaintiff challenged this language as violating the FDCPA, arguing that the failure to state that the assumption could only be made by the debt collector would lead the least sophisticated consumer to believe that any entity, including a court, would assume that the debt was valid and such would be deceptive with regard to the consumer's rights.  See id. at 1380.  The Orr court agreed with the plaintiff, explaining:

> By including the term "by the debt collector," § 1692g(a)(3) expressly intended the notice to convey the specific validation limitation to the consumer.  In other words, the statute intended the consumer to receive the message that the debt would be assumed valid by only the debt collector and only for collection purposes. "The statutorily required validation notice is intended to convey to the consumer that failure to dispute the debt permits the debt collector to proceed for collection purposes on the 'temporary fiction' that the debt is valid [, that f]ailure to dispute a debt has no legal effect on a debtor's rights . . . [and that i]n any subsequent collection action, the burden would remain on the debt collector . . . to prove the validity of the debt."
>
> *          *          *
>
> As defendants correctly argue, there is no requirement in the FDCPA

---

[1]The Court is troubled that Defendant completely failed to disclose the relevant case law within the Eleventh Circuit on this issue. Furthermore, the undersigned has ruled on the exact issues raised in this motion in Martin v. Butler & Hosch, P.A., 2014 WL 3593622 (M.D. Fla. July 18, 2014).

5

that a debt collector quote the statute's language verbatim. "When reviewing a debt validation notice, [the court] must review the document as a whole in order to evaluate whether the notice would inform sufficiently a least sophisticated debtor of his debt validation rights."

       *   *   *

A reading of the Letters in their entirety does not inform plaintiff that his debt will be assumed to be valid by the debt collector. In fact, there is no language in the Letters that identifies the person or entity that will assume the debt to be valid. "Defendants' omission of language indicating that it is the debt collector that will assume the validity of the debt . . . fuels the confusion. Though [d]efendants need not use the verbiage 'by the debt collector,' courts have held that they must include some language that makes clear it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose." "When read in the context of the entire [Letters], the phrase 'will be [assumed] valid' and the subsequent omission of any reference to the entity that will be '[assuming]' the debt [might] confuse or mislead the least sophisticated debtor into believing that her debt would be determined to be valid by an entity of authority [other than the debt collector]." Therefore, the court cannot conclude at this time that the omission was not material or harmless. The court concludes that defendants' failure to include "by the debt collector" or its equivalent is sufficient to allege a claim for which relief may be granted.

Id. at 1381-82 (internal citations omitted).

Based on the above, this Court finds that Plaintiff has sufficiently stated a claim in Count Three. As such, Defendant's motion to dismiss this claim is denied.

**B.  Count Four: Violation of § 1692e(10) of the FDCPA**

In Count Four, Plaintiff asserts a claim for violating 15 U.S.C. § 1692e(10) of the FDCPA. Section 1692e(10) provides, in relevant part, that a debt collector shall not use any false representation or deceptive means to attempt to collect any debt. Plaintiff contends that the statement that "the debt will be assumed to be valid" if not disputed within thirty days is misleading and violates this provision. According to Plaintiff, that statement would confuse the

6

least sophisticated consumer regarding whether a court would assume that the consumer still owed the debt at issue if Plaintiff did not dispute it within thirty days.  The Court agrees that the statement is misleading.  Accordingly, the Court concludes that Plaintiff has stated a claim in Count Four, and Defendant's motion to dismiss this claim is denied.  <u>See</u> <u>Martin v. Butler & Hosch, P.A.</u>, 2014 WL 3593622, at *5 (M.D. Fla. July 18, 2014).

### C.  Count Two: Violation of § 559.72(9) of the FCCPA

In Count Two, Plaintiff asserts a claim for violating § 559.72(9) of the FCCPA.  Florida Statute § 559.72(9) provides, in relevant part, that in collecting a debt, a person shall not "assert the existence of . . . [a] legal right when such person knows that the right does not exist."  Plaintiff contends that Defendant's statement in the Letter that "the debt will be assumed to be valid" if not disputed within thirty days violated § 559.72(9).  Specifically, Plaintiff contends that because this language violates § 1692g(a) (as discussed above), Defendant has asserted the existence of a legal right despite knowing that the right does not exist, in violation of § 559.72(9).

Defendant responds that even if the Letter violates § 1692g(a), such is not tantamount to Defendant asserting a non-existent legal right.  The Court disagrees with Defendant.  <u>See</u> <u>Martin</u>, 2014 WL 3593622, at *4.  As explained above, the Court has concluded that the failure to indicate that ***only the debt collector*** would assume the debt to be valid if Plaintiff failed to dispute it within thirty days is misleading.  As such, the Court concludes that Plaintiff has stated a claim in Count Two, and the Court denies Defendant's motion to dismiss this claim.

### D.  Count One: Violation of § 559.72(9) of the FCCPA

In Count One, Plaintiff seeks declaratory and injunctive relief under § 559.77(2) of the

FCCPA.  Florida Statute § 559.77(2) provides that the Court may award equitable relief for violations of the FCCPA.  Because the Court has found that Plaintiff has stated an FCCPA claim in Count Two, Plaintiff may seek declaratory and injunctive relief.  As such, the Court denies Defendant's motion to dismiss Count One.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 8) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of April, 2015.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

8